Filed 3/10/22  P. v. Thai CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G059634 |
| v. | (Super. Ct. No. 05ZF0082) |
| HIEU HO TRONG THAI, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from an order of the Superior Court of Orange County, Steven D. Bromberg, Judge.  Reversed in part, affirmed in part, and remanded with directions.

Diane T. Letarte for Defendant and Appellant.

Rob Bonta, Attorney General, Matthew Rodriquez, Acting Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Steve Oetting, Acting Assistant Attorney General, Arlene A. Sevidal, Lynne G. McGinnis and Minh U. Le, Deputy Attorneys General, for Plaintiff and Respondent.

\*        \*        \*

In 2019, Thai filed a Penal Code section 1170.95 petition seeking to vacate his prior convictions for murder, conspiracy to commit murder, and attempted murder.[1] In 2020, the trial court summarily denied the section 1170.95 petition as to the three convictions. Thai filed an appeal.

Effective January 1, 2022, the Legislature amended section 1170.95 to include convictions for attempted murder. (Sen. Bill No. 775 (2021-2022 Reg. Sess.); Stats. 2021, ch. 551, § 2.) We asked for further briefing from the parties.

As to Thai's murder conviction, we affirm the trial court's order. Thai is ineligible for relief under section 1170.95 as a matter of law because he was convicted under the provocative act murder doctrine, not the felony-murder rule and/or the natural and probable consequences doctrine.

As to Thai's conspiracy to commit murder conviction, we affirm the trial court's order. Thai is ineligible for relief under section 1170.95 as a matter of law because a conspiracy conviction does not qualify for relief under the statute.

As to Thai's attempted murder conviction, we reverse the trial court's order. On remand, we direct the trial court to consider Thai's attempted murder conviction under section 1170.95 petition in the first instance (at the prima facie stage).


I

FACTS AND PROCEDURAL BACKGROUND

In 1999, Thai and his fellow gang members went out to "hunt" members of a rival gang in retaliation for prior acts. During a shootout between the two gangs, Thai fired at least five shots. One of Thai's fellow gang members, Duy-Nguyen Doan, was shot and died. (*People v. Thai* (June 29, 2007, G037234) [nonpub. opn.].)

A jury found Thai guilty of first degree murder, attempted murder, and

---

[1] Further undesignated references are to the Penal Code.

conspiracy to commit murder. The jury also found true gang and firearm allegations. The trial court sentenced Thai to state prison for 25 years to life. This court affirmed the judgment on appeal. (*People v. Thai*, *supra*, G037234.)

In 2019, Thai filed a section 1170.95 petition. The trial court appointed counsel and denied Thai's petition on the sole basis the enabling legislation was unconstitutional. This court reversed that ruling and remanded for further proceedings on the merits. (*People v. Thai* (June 4, 2020, G057953) [nonpub. opn.].)

In 2020, the trial court denied Thai's section 1170.95 petition. The court held: "The petition does not set forth a prima facia case for relief under the statute. . . . The defendant's conviction for murder is not based on felony-murder or on a natural and probable consequences theory of vicarious liability for aiders and abettors." The court further held: "As a matter of law . . . Attempt Murder and Conspiracy to Commit Murder are not charges that are subject to relief pursuant to 1170.95."

II

DISCUSSION

The trial court denied Thai's "petition at the first stage of prima facie review under section 1170.95, subdivision (c). A denial at that stage is appropriate only if the record of conviction demonstrates that 'the petitioner is ineligible for relief as a matter of law.' [Citations.] This is a purely legal conclusion, which we review de novo." (See *People v. Murillo* (2020) 54 Cal.App.5th 160, 167.)

In this part of the discussion, we shall: A) review general principles of law; B) summarize the relevant portions of Thai's record of conviction; and C) analyze the law as applied to the facts.

*A. General Principles of Law*

A person may be convicted of a crime as a direct perpetrator, or as an aider and abettor. (§ 31.) An aider and abettor can be held liable for crimes that were intentionally aided and abetted (target offenses); an aider and abettor can also be held liable for any crimes that were unintentional but were reasonably foreseeable (nontarget offenses). (*People v. Laster* (1997) 52 Cal.App.4th 1450, 1463.) Aider and abettor liability for intentional crimes is known as "direct" aider and abettor liability; aider and abettor liability for unintentional crimes is known as the ""'natural and probable consequences" doctrine.'" (*People v. Montes* (1999) 74 Cal.App.4th 1050, 1055.)

Unlike the felony-murder rule or the natural and probable consequences doctrine, a provocative act murder requires proof that either the defendant or an accomplice intentionally committed a provocative act that proximately caused the death of an accomplice or third party, and the defendant personally harbored the mental state of malice. (*People v. Cervantes* (2001) 26 Cal.4th 860, 867.) "The provocative act murder doctrine has traditionally been invoked in cases in which the perpetrator of the underlying crime instigates a gun battle, either by firing first or by otherwise engaging in severe, life-threatening, and usually gun-wielding conduct, and the police, or a victim of the underlying crime, responds with privileged lethal force by shooting back and killing the perpetrator's accomplice or an innocent bystander." (*Id*. at pp. 867-868.)

Effective January 1, 2019, the Legislature enacted Senate Bill No. 1437 (2017-2018 Reg. Sess.) to "*amend the felony murder rule and the natural and probable consequences doctrine*, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f), italics added.)

In 2019, the Legislature also added section 1170.95, which provides a

4

procedure for a person convicted of murder under the felony-murder rule or the natural and probable consequences doctrine to file a petition for relief. If the court determines the petitioner has made a prima facie showing, it must issue an order to show cause. (§ 1170.95, subd. (c).) If the parties do not stipulate petitioner is entitled to relief, the court must hold an evidentiary hearing. (§ 1170.95, subd. (d).)

"The record of conviction will necessarily inform the trial court's prima facie inquiry . . . , allowing the court to distinguish petitions with potential merit from those that are clearly meritless. This is consistent with the statute's overall purpose: to ensure that murder culpability is commensurate with a person's actions, while also ensuring that clearly meritless petitions can be efficiently addressed as part of a single-step prima facie review process." (*People v. Lewis* (2021) 11 Cal.5th 952, 971.)

*B. Thai's Record of Conviction*

The trial court did not instruct the jury on the felony-murder rule and/or the natural and probable consequences theory of murder liability. The court instructed the jury on the provocative act murder doctrine as follows:

"A homicide committed during the commission of a crime by a person who is not a perpetrator of that crime, in response to an intentional provocative act by a perpetrator of the crime other than the deceased, is considered in law to be an unlawful killing by the surviving perpetrators of the crime.

"An 'intentional provocative act' is defined as follows: [¶] 1. The act was intentionally committed; [¶] 2. The natural consequences of the act were dangerous to human life; and [¶] 3. The act was deliberately performed with knowledge of the danger to, and with conscious disregard for human life.

"In order to prove this crime, each of the following elements must be proved: [¶] 1. The crime of attempted murder or assault with a firearm was committed;

5

[¶] 2. During the commission of the crime, a surviving perpetrator also committed an intentional provocative act or the crime committed included conduct comprising an intentional provocative act;  [¶]  3. One of the intended victims of the crime, in response to the provocative act, killed one of the perpetrators of the crime or another person;  [¶] 4. The defendant or one of the surviving perpetrators' commission of the intentional provocative act was a cause of the death of The Duy-Nguyen Doan.

"If the crime originally contemplated was an assault with a firearm, you must determine whether such conduct constituted a provocative act.

"If the crime originally contemplated or attempted was murder, the act of attempting to kill another human being is itself a provocative act.

"If the crime originally contemplated or attempted was premeditated deliberate murder with express malice aforethought, the resulting murder would be murder in the first degree.  If the crime originally contemplated or attempted was murder without express malice, but with implied malice, the resulting murder would be murder in the second degree.  If the crime originally contemplated or attempted was assault with a firearm, the resulting murder would be murder in the second degree.  If a defendant causes a homicide through the act of an intermediary and does so without malice his crime will be manslaughter."

*C. Analysis and Application*

Thai contends that the trial court erred when it denied his section 1170.95 petition as to:  1) the murder conviction; 2) the conspiracy to commit murder conviction; and 3) the attempted murder conviction.  We shall analyze each contention.

*1. The trial court properly denied the section 1170.95 petition as to the murder conviction because Thai's conviction under the provocative act murder doctrine establishes that he is ineligible for relief as a matter of law.*

Provocative act murder has physical and mental requirements. (*People v. Mejia* (2012) 211 Cal.App.4th 586, 603.) The physical act is the provocative act itself, defined as "an act, the natural and probable consequence of which is the use of deadly force by a third party." (*Ibid*.) The mental state is malice aforethought. (*Id*. at pp. 603-604.) Because a provocative act murder requires a finding of malice, the doctrine survives as a valid murder theory under current law. (§ 188, subd. (b) ["If it is shown that the killing resulted from an intentional act with express or implied malice, . . . no other mental state need be shown to establish the mental state of malice aforethought"].)

Consequently, every appellate court that has considered the issue has determined that a petitioner who was convicted of murder under the provocative act doctrine does not qualify for relief under section 1170.95. (See *People v. Lee* (2020) 49 Cal.App.5th 254, 257-258 [a defendant convicted of murder under the provocative act doctrine is not eligible for relief under section 1170.95 ]; *People v. Johnson* (2020) 57 Cal.App.5th 257, 266 [same]; *People v. Swanson* (2020) 57 Cal.App.5th 604, 612-614 [same].) We agree with the analysis of those courts.

Thus, because Thai was convicted of a provocative act murder, which required a finding of malice (a current and valid theory of murder liability), we find the trial court properly denied his section 1170.95 petition as to his murder conviction.

Thai argues: "Mr. Thai's jury was instructed with: CALCRIM 520 (Murder with Malice Aforethought); CALCRIM 560A (Homicide: Provocative Act); and CALCRIM 417 (Liability for Coconspirators' Acts). Mr. Thai's jury was also instructed with CALCRIM 875(B) (Assault-Defined). All of these instructions reference 'natural and probable consequences' (NPC) as a theory of guilt-conviction." (Boldfacing

7

omitted.) We disagree.

Thai is correct in the sense that each of the four instructions he has identified does include the phrase (or some portion of the phrase) "natural and probable consequences," but the trial court did not instruct the jury on the (now defunct) natural and probable consequences theory of murder liability.

For instance, in CALCRIM No. 520, the court instructed Thai's jury on the crime of murder: "Defendant is accused in Count I of having committed the crime of murder, a violation Section 187 of the Penal Code. [¶] Every person who unlawfully kills a human being with malice aforethought, is guilty of the crime of murder . . . .

"A killing is unlawful, if it is not justifiable. [¶] In order to prove this crime, each of the following elements must be proved: [¶] 1. A human being was killed; [¶] 2. The killing was unlawful; and [¶] 3. The killing was done with malice aforethought.

"There are two kinds of malice aforethought, express malice and implied malice. Proof of either is sufficient to establish the state of mind required for murder. [¶] A person acted with express malice if he unlawfully intended to kill. [¶] A person acted with implied malice if: [¶] 1. He intentionally committed an act; [¶] 2. The *natural consequences* of the act were dangerous to human life; [¶] 3. At the time he acted, he knew his act was dangerous to human life; [¶] AND [¶] 4. He deliberately acted with conscious disregard for human life." (Italics added.)

While CALCRIM No. 520 does briefly mention the phrase "natural consequences" regarding implied malice, the court <u>did not</u> instruct the jury on the *natural and probable consequences doctrine*, which reads as follows:

"Under certain circumstances, a person who is guilty of one crime may also be guilty of other crimes that were committed at the same time.

"To prove that the defendant is guilty of <insert non-target offense>, the

8

People must prove that: [¶] 1. The defendant is guilty of <insert target offense>; [¶] 2. During the commission of <insert target offense> a coparticipant in that <insert target offense> committed the crime of <insert non-target offense>; [¶] AND [¶] 3. Under all of the circumstances, a reasonable person in the defendant's position would have known that the commission of <insert non-target offense> was a natural and probable consequence of the commission of the <insert target offense>." (CALCRIM No. 402.)

In sum, the provocative act murder doctrine is a separate and distinct doctrine from the natural and probable consequences theory. Thai's jury was instructed on the provocative act murder doctrine, which required a finding of malice; Thai's jury was not instructed on the natural and probable consequences theory.

Thus, the trial court properly denied Thai's petition to vacate his murder conviction. (§ 1170.95.)

*2. The trial court properly denied the section 1170.95 petition as to the conspiracy conviction because that crime is not eligible for relief under the statute.*

"A person convicted of *felony murder or murder* under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, *attempted murder* under the natural and probable consequences doctrine, or *manslaughter* may file a petition with the court that sentenced the petitioner to have the petitioner's *murder, attempted murder, or manslaughter conviction* vacated . . . ." (§ 1170.95, subd. (a), italics added.)

By its plain terms, the current version of section 1170.95 only applies to a petitioner's convictions for murder, attempted murder, or manslaughter. (See *People v. Medrano* (2021) 68 Cal.App.5th 177, 182 [defendant convicted of conspiracy to commit murder was legally ineligible for relief under section 1170.95].)

Thai challenged his conviction for conspiracy to commit murder under

9

section 1170.95, but that statute does not include conspiracy convictions within the convictions that are eligible for relief.

Thus, the trial court properly denied Thai's petition to vacate his conspiracy to commit murder conviction. (§ 1170.95.)

*3. An attempted murder conviction is now eligible for relief under section 1170.95; therefore, the trial court is to consider it at the prima facie stage.*

Effective January 1, 2022, the Legislature amended section 1170.95 to include convictions for attempted murder. (Sen. Bill No. 775 (2021-2022 Reg. Sess.); Stats. 2021, ch. 551, § 2.) The amendment to section 1170.95 is ameliorative in nature, and therefore applies retroactively to Thai's appeal. (See *In re Estrada* (1965) 63 Cal.2d 740, 744-745; see also *People v. Frahs* (2020) 9 Cal.5th 618, 627-628.)

In supplemental briefing addressing Senate Bill No. 775, the Attorney General argues this court should summarily deny Thai's section 1170.95 petition on the merits. Conversely, Thai argues this court should order the trial court to issue an order to show cause and conduct an evidentiary hearing.

We are doing neither. Generally, our role as an appellate court is to review issues that have first been litigated in the trial court. Thai's eligibility for relief under section 1170.95—as to his attempted murder conviction—has never been litigated on the merits. Therefore, we are reversing the trial court's denial of Thai's section 1170.95 petition as to the attempted murder conviction.

On remand, we are directing the court to appoint counsel, receive briefing from the parties, and to consider Thai's petition to vacate his attempted murder conviction at the prima facie stage. (See *People v. Lewis*, *supra*, 11 Cal.5th at p. 971.)

III

DISPOSITION

The trial court's order denying Thai's section 1170.95 petition is affirmed as to the murder and conspiracy to commit murder convictions.

The trial court's order denying Thai's section 1170.95 petition as to the attempted murder conviction is reversed. On remand, the court is directed to appoint counsel for Thai. The court is further directed to receive briefing, to consider Thai's section 1170.95 petition at the prima facie stage (as to the attempted murder conviction), and to make any orders and/or conduct any further proceedings consistent with section 1170.95 and recent case law.


MOORE, J.

WE CONCUR:


O'LEARY, P. J.


BEDSWORTH, J.

11